IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH E. DAVIS, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:17-00521 |
| § | |
| NANCY A. BERRYHILL, § | |
| ACTING COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| Defendant. § | |

# MEMORANDUM AND ORDER
# ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff Kenneth E. Davis, who proceeds *pro se*, filed a Complaint on February 16, 2017, seeking judicial review of the denial of an application for Social Security benefits. On October 4, 2017, after the parties had filed dispositive motions, the undersigned referred the case to the Hon. Dena Hanovice Palermo, United States Magistrate Judge. Judge Palermo entered her initial Report and Recommendations [Doc. # 16] on November 9, 2017, recommending summary judgment in favor of Plaintiff and remand of the matter to the Social Security Administration. On December 14, 2017, after the Commissioner timely filed Objections [Doc. # 17] raising significant procedural and substantive issues, the Court again referred the case to Judge Palermo to enable her reconsideration. *See* Order [Doc. # 19].

On January 3, 2018, Judge Palermo issued an Amended Report and Recommendation [Doc. # 20] recommending summary judgment in favor of the Commissioner. Plaintiff then filed a document entitled "Findin[g] of Fact and Report and Recommendation," which this Court construes as a timely Objection to the Amended Report and Recommendation. *See* Objection [Doc. # 21].[1] Having reviewed the report and objections, the Court concludes that the Amended Report and Recommendation is well founded and should be adopted.[2]

Plaintiff's Objection asserts that the decision by the Administrative Law Judge ("ALJ") was "not supported by substantial evidence" and, on that basis, urges this Court to adopt Judge Palermo's initial Report and Recommendation, which Judge

---

[1] Plaintiff's Objection, which was docketed on January 11, 2018, bears a handwritten date of December 4, 2017, and no postmark. Given the handwritten date, the Objection also could be construed as a response to the Commissioner's Objections of November 24, 2017, which pertained to Judge Palermo's Report and Recommendation issued November 9, 2017. However, any such response would be moot, because Judge Palermo has withdrawn that Report and Recommendation. *See* Amended Report and Recommendation, at 1 n.1.

[2] *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). A court need only conduct *de novo* review of those portions of the magistrate judge's report to which objection is made. *Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347 (5th Cir. 2012). "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id*. at 410 n.8; *accord United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994).

Palermo has withdrawn.[3] This Objection does not address the basis for the Amended Report and Recommendation currently before this Court for review. The Amended Report and Recommendation adjudicated whether Plaintiff was disabled under Social Security's "Grid Rules"—the sole argument raised by Plaintiff in his dispositive motion—and determined that the ALJ had applied the Grid Rules properly. *See* Amended Report and Recommendation [Doc. # 20], at 21-23 (finding that the Grid Rules were properly applied because record evidence showed that Plaintiff was not "closely approaching advanced age" under the relevant regulations and because Plaintiff testified that he had graduated from high school).[4] Plaintiff has raised no objection to Judge Palermo's specific recommendation that the Commissioner is entitled to summary judgment on the Grid Rules issue. Therefore, the Court need not

---

[3] *See* Objection, at 2 ("Plaintiff concur[s] with the Honorable Magistrate Judge['s] decision [on November 9,] that the ALJ['s] decision was, 'Not supported by substantial evidence.' I hereby request this Honorable Court to uphold the [November 9 decision]"). The Commissioner objected to the November 9 Report and Recommendation because the substantial evidence issue had not been presented to the Court or briefed by the parties, and further argued that in fact substantial evidence in the record supported the ALJ's determination. *See* Commissioner's Objections [Doc. # 17].

[4] *See* Dispositive Motion [Doc. # 11]. Plaintiff had asserted, in an affidavit attached to his motion, that he satisfied the Grid Rules because he was closely approaching advanced age and had no high school diploma. *See* Plaintiff's Affidavit and Memorandum [Doc. # 11-2], at 1 (". . . I am closely approaching advanced age. . . . I have no high school diploma . . . F[rom] 2002 to 2011 I work[ed] for Wal-mart, H.E.B., and Kroger as a nightstock[er,] all unskilled labor . . . Under the GRID Rules and Disability I am Disabled **see Rule 201.09 Decision DISABLED**") (emphasis original).

conduct a *de novo* review of this matter. *See* 28 U.S.C. § 636(b)(1). The Court finds that the Magistrate Judge's Amended Report and Recommendation is well founded, and that the recommended disposition should be adopted.

As an additional matter, the Court notes that Plaintiff would not be entitled to summary judgment in his favor based on his argument that the ALJ's determination was not supported by substantial evidence, even if that argument were properly before the Court. Plaintiff pleaded broadly that the Commissioner's denial of benefits was not supported by substantial evidence, and his Objection makes a similar conclusory statement.[5] However, Plaintiff provides no meaningful argument in support of his position. Nowhere in his pleadings, dispositive motion, or Objection does he challenge any specific determination by the ALJ or direct the Court's attention to any specific portion of the administrative record. Plaintiff therefore failed to meet his summary judgment burden to demonstrate a genuine issue of material fact under Federal Rule of Civil Procedure 56.[6]

---

[5]     *See* Complaint [Doc. # 1], at 1; Objection, at 2.

[6]     For summary judgment, the moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)). Although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only the cited materials." FED. R. CIV. P. 56(c)(3). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district
(continued...)

For the foregoing reasons, it is hereby

**ORDERED** that Petitioner's Objection [Doc. # 21] is **OVERRULED**. It is further

**ORDERED** that the Magistrate Judge's Amended Report and Recommendation [Doc. # 20] is hereby **ADOPTED** as the Court's Memorandum and Order. It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 11] is **DENIED**. It is further

**ORDERED** that Defendant's Cross-Motion for Summary Judgment [Doc. # 13] is **GRANTED**.

This case is **DISMISSED with prejudice**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 30th day of **January, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

6 (...continued)
court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).